IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **OPEYEMI ABIDEMI ADEOSO,** § § | |
| Movant, § § | |
| V. § § | NO. 3:23-CV-1553-M-BT |
| § § | (NO. 3:19-CR-0493-M) |
| **UNITED STATES OF AMERICA,** § § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Opeyemi Abidemi Adeoso under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.   BACKGROUND**

On September 24, 2019, Adeoso was named in a fifty-six count indictment charging him in count one with conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349, in counts two through seventeen and twenty-three with wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2, in count twenty-eight with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), and 1957, in counts twenty-nine through thirty-three and thirty-nine through forty-one with laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and in counts forty-five through forty-seven, forty-nine, fifty-three, and fifty-five with use of a false passport, in violation of 18 U.S.C. § 1543. CR ECF No.[1] 29. Adeoso initially entered a plea of not guilty. CR ECF No. 36.

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CF-0493-M.

He later signed a plea agreement, CR ECF No. 76, and a factual resume. CR ECF No. 77. The plea agreement reflected that Adeoso would plead guilty to all counts charged in the indictment; he faced a term of imprisonment of thirty years as to count one, twenty years as to each of counts two through seventeen, twenty-three, twenty-eight through thirty-three, thirty-nine through forty-one, and fifteen years as to each of counts forty-five through forty-seven, forty-nine, fifty-three, and fifty-five; that his plea was freely and voluntarily made and not the result of force, threats, or promises; that he waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; and that he and counsel had thoroughly reviewed all legal and factual aspects of the case and Adeoso was fully satisfied with counsel's legal representation. CR ECF No. 76. The factual resume set forth the elements of the offenses charged in the indictment and the stipulated facts establishing that Adeoso had committed each of them. CR ECF No. 77. On June 25, 2020, Adeoso appeared for rearraignment and testified under oath that: he had discussed the case with counsel and was satisfied with the information and advice given him; he committed each of the essential elements of each of the offenses charged; he had read, understood, and discussed the factual resume with counsel before signing it and the stipulated facts set forth were true and correct; he understood the potential penalties for each of the offenses; he and counsel had discussed the guidelines and how they might apply, but he understood that he should never rely on any statement or promise by any person, including counsel, as to what sentence would be imposed; he understood and discussed the plea agreement with counsel before signing it; he freely and voluntarily entered into the plea agreement; he understood that the sentence would be in the Court's sole discretion; he understood the waiver of right to appeal; and, no one had threatened him or made any promises to induce him to plead guilty. CR ECF No. 194.

The probation officer prepared the presentence report ("PSR"), which reflected that Adeoso's base offense level was 33. CR ECF No. 100, ¶ 138. He received a two-level enhancement for being convicted under 18 U.S.C. § 1956, *id.* ¶ 139, and a four-level increase for being a leader/organizer. *Id.* ¶ 142. He received a three-level adjustment for acceptance of responsibility. *Id.* ¶¶ 146, 147. Based on a total offense level of 36 and a criminal history category of I, his guideline range was 188 to 235 months. *Id.* ¶ 180. Adeoso filed objections, CR ECF No. 126, and the probation officer prepared an addendum to the PSR. CR ECF No. 127. Adeoso again filed objections. CR ECF No. 134. The probation officer prepared a second addendum to the PSR. CR ECF No. 169. The government filed a motion for downward departure. CR ECF No. 172.

At sentencing, Adeoso admitted that he had read and understood the PSR. He knew that his attorney had made certain objections and he did not know of any other mistakes that needed to be corrected. CR ECF No. 197 at 31–32. Counsel argued the objections—in particular the amount of loss for which Adeoso should be held accountable and the adjustment for leader/organizer—but the Court overruled them. *Id.* at 33–39. Adeoso expressed regret for his conduct and said that he accepted responsibility. *Id.* at 46–47. The Court granted the government's motion for downward departure and sentenced Adeoso to terms of imprisonment of 151 months as to each count to run concurrently. CR ECF No. 177. Adeoso filed a notice of appeal despite having waived the right to do so. CR ECF No. 179. His counsel filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit considered Adeoso's response, determined that there was no nonfrivolous issue, and dismissed the appeal. *United States v. Adeoso*, No. 21-11164, 2022 WL 2752221 (5th Cir. July 14, 2022).

## II.     GROUND OF THE MOTION

Adeoso asserts that his plea was not knowingly, voluntarily, and intelligently entered due to ineffective assistance of counsel. ECF No.[2] 1 at 7.

## III.    APPLICABLE LEGAL STANDARDS

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV. ANALYSIS

The brief starts with a conclusory list of alleged failings of counsel, none of which is sufficient to support a claim for relief. ECF No. 2 at 4. As for the specifics, Adeoso alleges that: counsel told him that he faced 78 months' imprisonment and that it was in his best interest to plead guilty; had counsel properly investigated, he would have determined that Adeoso should only have

been held accountable for his own conduct, to wit one check in the amount of $4,200,731.36, and not that of his coconspirators; and, counsel failed to tell Adeoso about relevant conduct and how the PSR could determine the outcome of his sentence. In fact, he alleges that counsel was not aware of the contents of the PSR or the investigation based on relevant conduct and the enhancements that could apply at sentencing. *Id.* at 5–6. Because of these failings, Adeoso alleges that his plea was not knowing, voluntary, and intelligent. *Id.* at 6.

As noted above, the record reflects that Adeoso clearly understood the charges against him and the penalties he faced. The plea was not the result of force, threats, promises, or misrepresentations. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). Adeoso's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his plea agreement and factual resume are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). His guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Adeoso's alleged subjective understanding that he would receive a particular sentence (if that is what he is alleging) does not render the plea involuntary. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor does a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989); *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

Even if Adeoso could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court "should not upset a plea solely

because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Adeoso has not cited to any contemporaneous evidence to support his position, probably because there is none. His solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

To the extent Adeoso complains about counsel's post-plea conduct, he has not shown any deficiency that would entitle him to relief. In particular, the allegation that counsel was not aware of the contents of the PSR or the investigation into relevant conduct is made of whole cloth. Counsel filed objections to the PSR, CR ECF No. 126, and to the addendum. CR ECF No. 134. Counsel persisted in the objections at sentencing, vigorously arguing for a lower sentence. CR ECF No. 197. That Adeoso did not get the sentence he wanted does not mean that his counsel was ineffective.

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 10th **day** of **June, 2024**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE